# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2020

No. 19-10902

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELISSA VEATCH, also known as Missy,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-296
USDC No. 4:16-CR-132-17

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Melissa Veatch, federal prisoner # 69224-080, moves this court for a certificate of appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. Veatch filed the motion to challenge her 400-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. She asserts that her trial counsel rendered ineffective assistance by failing to pursue her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objections to the presentence report's drug quantity calculation, as well as her objections to various sentencing enhancements.  Veatch further asserts that the district court erred in not conducting an evidentiary hearing prior to denying her § 2255 motion.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court has denied the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Veatch has failed to make the requisite showing.  *See Slack*, 529 U.S. at 484.  Accordingly, her request for a COA is denied.

With respect to Veatch's claim that the district court should have held an evidentiary hearing, a COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding.  *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).  We therefore construe her motion for a COA with respect to the district court's failure to hold an evidentiary hearing as a direct appeal of that issue.  *See id.*

We review a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion.  *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).  To show abuse of discretion, Veatch must come forward with "independent indicia of the likely merit of [her] allegations."  *Id.* at 442 (internal quotation marks and citation omitted).  Because Veatch has failed to show that she had a likely meritorious claim for relief under § 2255, the district court's denial of Veatch's § 2255 motion without an evidentiary hearing is affirmed.  *See Norman*, 817 F.3d at 234.

COA DENIED; AFFIRMED.